```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

```
UNITED STATES OF AMERICA,        ‖
                                 ‖
      Plaintiff,                 ‖
                                 ‖
vs.                              ‖      Cv. No. 04-2969-B/P
                                 ‖      Cr. No. 02-20291-B
ROBERT MORRIS,                   ‖
                                 ‖
      Defendant.                 ‖
                                 ‖
```
_____

```
        ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
          ORDER DENYING CERTIFICATE OF APPEALABILITY
                            AND
        ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```
_____

On November 15, 2004, Defendant, Robert Morris, Bureau of Prisons registration number 18612-076, filed a motion under 28 U.S.C. § 2255, seeking to set aside the sentence imposed for his conviction for violating 18 U.S.C. § 922(g). On January 27, 2006, the Court denied Morris' motion to amend his § 2255 to raise claims under the principles announced in United States v. Booker, 543 U.S. 220 (2005), and Shepard v. United States, 125 S. Ct. 1254, 1263-64 (2005). The Court also denied Morris' claim under Blakely v. Washington, 542 U.S. 296 (2004) and directed the United States to respond to the remaining issue. The United States filed its response on February 21, 2006.

I. PROCEDURAL HISTORY

On August 14, 2002, a federal grand jury returned an indictment against Morris which charged him with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On

August 25, 2003, Morris pled guilty pursuant to a written plea agreement which provided, in pertinent part, that:

> Robert Morris understands that the offense to which he is pleading guilty is subject to the provisions and guidelines of the Sentencing Reform Act of 1984 and that the applicable guidelines are contained in the United States Sentencing Guidelines Manual.
>
> The United States agrees to submit this matter to the discretion of the District Court for Sentencing within the applicable guideline range, and to not seek an upward departure and to not oppose acceptance of responsibility provided that the Defendant's conduct up to and including the day of sentencing, continues to be consistent with acceptance of responsibility and he receives no enhancement for obstruction of justice.
> . . .
> The parties understand and agree that there is no agreed upon sentence and no representations have been made by the United States as to the anticipated sentence in this case.

(See Plea Agreement, para. 4-5, 8; Cr. R. at docket entry #49).

A pre-sentence report (PSR) was prepared which calculated Morris' base offense level at 24 under United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(2) because Defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. Four points were added under U.S.S.G. § 2K2.1(b)(5), specific offense characteristics, for Defendant's possession of a firearm in connection with another felony offense increasing his offense level to 28. The PSR deducted three points for Defendant's acceptance of responsibility resulting in a total offense level of 25. Morris had nineteen criminal history points placing him in Category VI. The resulting guideline range was calculated at one-hundred ten (110) to one hundred thirty-seven (137) months imprisonment. However, Defendant's sentencing range

2

was restricted by statute to one hundred twenty (120) months.  No objections were filed to the PSR.

This Court conducted a sentencing hearing on November 25, 2003, adopted the factual findings and guideline application in the PSR, and entered its judgment on December 8, 2003, sentencing Morris to one hundred twenty (120) months imprisonment, along with a three-year period of supervised release.  Morris did not appeal.


II.  <u>ANALYSIS</u>

Morris now claims that counsel provided ineffective assistance by failing to challenge the improper inclusion of three state court convictions in the pre-sentence report which he contends resulted in an enhanced sentence.  Defendant does not challenge the validity of his guilty plea.  Insofar as he challenges the validity of his sentence, his claim is devoid of merit.

A § 2255 motion can never be utilized as a substitute for an appeal.  <u>Sunal v. Large</u>, 332 U.S. 174, 178 (1947); <u>United States v. Walsh</u>, 733 F.2d 31, 35 (6th Cir. 1984).  Failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion.

> Given society's substantial interest in the finality of judgments, only the most serious defects in the trial process will merit relief outside of the normal appellate system.  Hence, when a federal statute, but not the Constitution, is the basis for postconviction attack, collateral relief from a defaulted claim of error is appropriate only where there has been fundamental unfairness, or what amounts to a breakdown of the trial process.

3

Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996)(citing Reed
v. Farley, 512 U.S. 339, 354 (1994)).  Even claims of constitutional
error that could have been raised on appeal are waived unless the
Defendant demonstrates cause and prejudice for that failure.  United
States v. Frady, 456 U.S. 152, 167-68 (1982).  He attempts to allege
his attorney's ineffective assistance constitutes cause and
prejudice.   However, Morris cannot demonstrate that he was
prejudiced by his attorney's representation.

Strickland v. Washington, 466 U.S. 668, 687 (1984), establishes
the standard for an ineffective assistance claim.   The Defendant
must show:

> 1.   deficient performance by counsel; and
> 2.   prejudice to the defendant from the deficient
>      performance.

Id. at 687.  To demonstrate prejudice in the course of a conviction
entered on a guilty plea, a movant must "show that there is a
reasonable probability that, but for counsel's errors, he would not
have pleaded guilty and would have insisted on going to trial."
Hill v. Lockhart, 474 U.S. at 59.  "A reasonable probability is a
probability sufficient to undermine confidence in the outcome."  Id.
Additionally, however, in analyzing prejudice,

> the right to the effective assistance of counsel is
> recognized not for its own sake, but because of the
> effect it has on the ability of the accused to receive a
> fair trial.  Absent some effect of challenged conduct on
> the reliability of the trial process, the Sixth Amendment
> guarantee is generally not implicated.

Lockhart v. Fretwell, 506 U.S. 364, 368 (1993)(citing United States
v. Cronic, 466 U.S. 648, 658 (1984)).   "Thus an analysis focusing

4

solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Lockhart v. Fretwell, 506 U.S. at 369.   In the context of sentencing, the Court looks to whether the result of the sentencing proceeding was unfair or unreliable. Id. at 371.

A prisoner attacking his conviction bears the burden of establishing that he suffered some prejudice from his attorney's ineffectiveness. Lewis v. Alexander, 11 F.3d 1349, 1352 (6th Cir. 1993); Isabel v. United States, 980 F.2d 60, 64 (1st Cir. 1992). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." Strickland, 466 U.S. at 697.   If a reviewing court can determine lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. Id. at 697.   See also United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993).

Morris' motion is factually and legally frivolous.   The Court advised the Defendant of the statutory penalties at the guilty plea hearing.   Morris' plea agreement did not provide that he would receive no enhancements; the plea agreement stated he would be sentenced at the "discretion of the District Court . . . within the applicable guideline range" of the U.S.S.G.   The pre-sentence report advised the Defendant of his potential sentence under the guidelines.

Section 2K2.1(b)(5) of the U.S.S.G. requires a four level increase in the base offense level if a defendant possessed "any firearm or ammunition in connection with another felony offense,"

5

which in Morris' case was the possession of a controlled substance and drug paraphernalia.  Application note 7 to U.S.S.G. § 2K2.1 states that a felony offense "as used in subsection (b)(5) means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, **whether or not a criminal charge was brought, or conviction obtained**." (emphasis added)  Morris' offense level was correctly calculated by adding four levels.  Defendant fails to inform the Court of the specifics of any defense or basis for any objection to that portion of the presentence report.[1]

The pre-sentence report assessed no criminal history points for any prior charges which received a nolle prosequi disposition in state court.  Even without consideration of those charges, Morris had nineteen criminal history points which placed him in Criminal History Category VI.  Although the probation officer contended the Court could depart upward from the applicable sentencing guideline range based upon reliable information indicating that the criminal history category did not adequately reflect the seriousness of Defendant's past criminal conduct or the likelihood that he would commit other crimes under United States Sentencing Guidelines § 4A1.3, the Court declined to do so.  Likewise, although basis existed for an upward departure, the Government did not file a motion for an increased sentence.

---

[1]   The Court incorporates by reference its order entered January 27, 2006, which denied Morris' argument based upon Blakely v. Washington, 542 U.S. 296 (2004) because Blakely does not apply retroactively in collateral proceedings. (Docket entry # 6)

The Court sentenced Morris to 120 months imprisonment, which was within his applicable guideline imprisonment range of 110 to 137 months.  Contrary to his allegation, there was no upward departure and his plea agreement was not breached.  Morris never attempted to withdraw his guilty plea or failed to express any lack of knowledge of his offense level or potential sentence.  Furthermore, he was required to admit having committed the charged offense in order to obtain a full three point reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.  The Court adopted and sentenced Morris pursuant to his negotiated written plea agreement.

The failure of counsel to raise or object to these frivolous issues either at the plea, sentencing hearing, or on appeal does not constitute deficient performance.  In light of Lockhart and Strickland, it is clear that the Defendant cannot demonstrate any prejudice from his attorney's performance.  Morris' Sixth Amendment claim is without merit.  Defendant's conviction and sentence are valid and his motion is DENIED.

III. APPEALS ISSUES

Consideration must also be given to issues that may occur if the Defendant files a notice of appeal.  Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.  Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of

7

appealability.    No  §  2255  movant  may  appeal  without  this
certificate.

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir.
1997),  held  that  district  judges  may  issue  certificates  of
appealability  under  the  AEDPA.    The  Court  also  held  that  AEDPA
codifies  in  amended  §  2253  the  standard  for  issuing  a  certificate
of  probable  cause  found  in  prior  §  2253,  which  was  essentially  a
codification  of  Barefoot v. Estelle, 463 U.S. 880, 893 (1983).   See
Lyons, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence
> of frivolity . . . and the standard for issuance of a
> certificate of probable cause is a higher one than the
> 'good faith' requirement of § 1915. . . . [A] certificate
> of  probable  cause  requires  petitioner  to  make  a
> substantial showing of the denial of [a] federal right.
> [A] question of some substance, or a substantial showing
> of the denial of [a] federal right, obviously [does not
> require] the petitioner [to] show that he should prevail
> on the merits.   He has already failed in that endeavor.
> Rather, he must demonstrate that the issues are debatable
> among jurists of reason; that a court could resolve the
> issues in a different manner; or that the questions are
> adequate to deserve encouragement to proceed further.

Barefoot,  463  U.S.  at  893  (internal  quotations  and  citations
omitted).   In this case, the Defendant's claims are clearly without
merit and he cannot present a question of some substance about which
reasonable  jurists  could  differ.    The  Court  therefore  denies  a
certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C.
§  1915(a)(3),  does  not  apply  to  appeals  of  orders  denying  §  2255
motions.   Hereford v. United States, 117 F.3d 949, 951 (6th Cir.
1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir.

8

1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases).  Rather, to seek leave to appeal <u>in forma pauperis</u> in a § 2255 case, and thereby avoid the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917,[2] the prisoner must seek permission from the district court under Fed. R. App. P. 24(a). <u>Hereford</u>, 117 F.3d at 952.  If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part that:

A party to an action in a district court who desires to proceed on appeal <u>in forma pauperis</u> shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith.  For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith.  It

---

[2]     The fee for docketing an appeal is $450.  <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this Defendant is not taken in good faith, and he may not proceed on appeal *in forma pauperis*.

IT IS SO ORDERED this 21st day of September, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE